# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

MICHAEL J. PROFITT                                                 PLAINTIFF

v.                                                CIVIL ACTION NO. 3:10CV-715-S

ALL CLIENTS WITH DELICATE DETAIL *et al.*             DEFENDANTS

## MEMORANDUM OPINION

Unrepresented by counsel, Plaintiff Michael J. Profitt filed the instant complaint on a Court-approved form. In the caption, Plaintiff names "All Clients with Delicate Detail," the United States Government, and "Worldwide-Corporation inside U.S.A." As the grounds for filing the suit in federal court, Plaintiff writes, "Every 5 Years Client Gets A new unit or Stencils For House choice only! Downtown with Code Enforcement theft by Unlawful taking A US - Marshalls Case [illegible] Lethal Injection Tim Riley Charger Lou, K.Y. I Also have [illegible] As A Witness Byron Sims III [illegible] Mrs. Goldburg." The rest of the complaint is disjointed and largely illegible.

      Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain:

      (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

      (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

      (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In the instant case, Plaintiff's complaint is simply too sketchy and incoherent to meet this standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short

and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted).

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

Plaintiff's allegations are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, and no longer open to discussion, warranting dismissal for lack of subject matter jurisdiction as well.

By separate Order, the instant action will be dismissed.

Date:

cc: Plaintiff, *pro se*
4411.005